IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>KATHLEEN ALISON, et al,<br><br>    Defendants.<br>_____/ | 1:11-cv-01041-JLT (PC)<br><br>ORDER DENYING MOTION FOR RETURN OF ORIGINAL DOCUMENTS<br><br>( Doc. 17)<br><br>ORDER DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 11) |

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983.  On March 29, 2012, Plaintiff filed a motion requesting that the exhibits attached to his initial complaint, filed June 23, 2011 (Doc. 1), be returned to him, as the exhibits were original documents.  (Doc. 17.)  Plaintiff explains that he was unaware at the time that he did not need not file all the evidence in support of his case with his initial pleading.[1]  (Id.)

   Unfortunately, the Court <u>does not</u> maintain original documents.  Once documents from pro se litigants are delivered to the Court for filing, they are scanned into the Court's computer system and the paper copies are destroyed.  Thus, Plaintiff is advised that he <u>must</u> maintain his original documents and provide the Court <u>copies</u>.  Moreover, Plaintiff is advised that the Court <u>will not</u> provide him copies of his documents in the future.

---

[1] The Court is concerned that Plaintiff was truly unaware given that this is <u>not</u> his first lawsuit in federal court.

-1-

1      In addition, on December 12, 2011, the Court granted Plaintiff's motion to amend his
2 complaint.  (Doc. 9) Notably, the Court granted Plaintiff permission to file an amended
3 complaint after he had filed a statement asking the Court to "add in" certain information in his
4 original complaint. (Doc. 8)  The Court's order admonished Plaintiff,

> The Court will not amend Plaintiff's complaint for him.  If Plaintiff wishes to amend his original complaint, he is required to file a first amended complaint that is <u>complete within itself without reference to any other pleadings.</u> <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiff is cautioned that if he intends to file a first amended complaint, the document must be complete within itself.

<u>Id</u>. at 1-2. Despite this admonishment, Plaintiff filed his First Amended Complaint to add facts and other defendants and, once again, asks the Court to add in this information into his complaint. As the Court already told him, this is not sufficient.  Plaintiff <u>must</u>, file one document that is complete **without reference to any other document.**  Therefore, **one final time**, the Court will grant him leave to file a Second Amended Complaint within 21 days of service of this order.

   Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request for the return of his original exhibits to his June 23, 2011 Complaint is **DENIED**;
2. The Clerk of the Court is **DIRECTED** to provide Plaintiff copies of the exhibits attached to Plaintiff's June 23, 2011 Complaint (pgs. 27-229).
3. Plaintiff is advised that, in the future, he should retain his original exhibits and, when it is necessary to file documents with the Court, he should only file copies with the Court. **In future, the Court will not provide Plaintiff copies of his documents**.
4. Plaintiff's First Amended Complaint is **DISMISSED**.  Plaintiff is granted leave to file a Second Amended within 21 days of service of this order.  Plaintiff is once again admonished that **his Second Amended Complaint must be complete without reference to any other previously complaint**;
5. The Clerk of the Court is DIRECTED to provide Plaintiff a blank complaint form;

6. Plaintiff's failure to comply with this order may result in dismissal of this litigation.

IT IS SO ORDERED.

Dated:   **April 2, 2012**                              /s/ **Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE