IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KATHLEEN ALISON, et al,<br><br>　　　　Defendants. | Case No. 1:11-cv-01041 JLT (PC)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 20). |

　　　　Plaintiff Paul Samuel Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 3, 2012, the Court dismissed Plaintiff's First Amended Complaint, but granted him 21 days to file an amended complaint. (Doc. 18).

　　　　On April 24, 2012, instead of filing a Second Amended Complaint as the Court ordered, Plaintiff filed a "Response" to the Court's April 3, 2012 order. (Doc. 19). In his response, Plaintiff explained his living conditions and generally complained about the mistreatment he received from prison staff. (Id. at 2-10). Plaintiff's Response also stated that he "will make the changes" ordered and "send them." (Id. at 2-10). Since Plaintiff did not explain that anything prevented him from filing the amended complaint within the 21 days initially ordered by the

1

Court or indicate when he would send the amended complaint to the Court, this Court issued an Order to Show Cause Why the Action Should Not Be Dismissed for Failure to Prosecute This Action and for Failure to Obey the Court's Order. (Doc. 20).

The Court's April 26, 2012 Order to Show Cause Ordered Plaintiff to do the following within 14 days of the Court's order: 1) to show cause in writing why this action should not be dismissed for failure to prosecute or follow the Court's Order and 2) to file a Second Amended Complaint curing the deficiencies identified by the Court in its April 3, 2012 order. (Doc. 18, 20). As of the filing of this order, Plaintiff has failed to do any of the actions ordered by the Court on April 26, 2012.

For the reasons set forth below, the Court dismisses Plaintiff's Complaint for failure to prosecute his Complaint and failure to comply with the Court's orders.

**I.      Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure prosecute the action.  Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its April 26, 2012 Order, the Court warned Plaintiff that if he failed to comply with the order, the Court would dismiss the action.  (Doc. 20 at 2).   Since Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, the requirement that the Court consider less drastic measures than dismissal of the action is satisfied.  Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff and Plaintiff's unwillingness to respond to the orders of the Court.

Accordingly, the Court **ORDERS**:

1. This action is **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court is DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **May 16, 2012**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE