IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHLEEN ALISON, et al,<br><br>    Defendants. | Case No. 1:11-cv-01041 JLT (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESSS** |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed May 16, 2012, the Court entered a judgment dismissing Plaintiff Paul Samuel's case without prejudice for failure to prosecute and failure to comply with the Court's orders. (Doc. 21 and 22). Specifically, the Court dismissed Plaintiff's case because he failed to timely respond to the Court's order to show cause and failed to timely file his amended complaint.

On May 21, 2012, this Court received the First Amended Complaint it had previously ordered Plaintiff to file. (Doc. 26). Plaintiff's pleading also included a letter explaining problems he had been experiencing with sending and receiving mail at the facility where he is currently housed. (Id.) Given Plaintiff's explanation and the dates the amended pleading was received, this Court vacated its May 16, 2012 order dismissing Plaintiff's Complaint and the Judgment

1

entered the same date (Docs. 21, 22) directed the clerk of the court to re-open the case, and denied Plaintiff's motion for reconsideration of the May 16, 2012 order as moot. (Doc. 27).

The Court's June 5, 2012 order reopening the case was returned to the Court on June 26, 2012 as "undeliverable, discharged." On June 12, 2012, the Court also sent Plaintiff a notice regarding an appeal that he filed in this case. (Doc. 29). That notice was likewise returned to the Court as "Undeliverable, Discharged" on June 26, 2012. For the reasons set forth below, Plaintiff's matter is dismissed.

### I. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542

1  F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance because
2  Plaintiff's fails to notify the Court of his current address.
3      Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is
4  required to keep the Court apprised of his current address at all times. Specifically, Local Rule
5  183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

10  More than 63 days have elapsed since Plaintiff's mail was returned as undeliverable.
11      Notably, the Court alerted Plaintiff of the consequences for failure to comply with the
12  Local Rules and the Court's orders. (Doc. 3). The Court's informational order explained
13  Plaintiff's duty to make the Court aware of any address changes and provided a change of address
14  form. (Doc. 3). In addition, the Order warned Plaintiff that if mail directed to him is returned as
15  undeliverable, and he does not update his address with the Court within sixty days of the mail
16  being returned, the action will be dismissed for failure to prosecute. Local Rule 183(b).
17      Thus, Plaintiff had adequate warning his matter would be dismissed if he failed to comply
18  with the Court's order or its Local Rules. Moreover, no lesser sanction is feasible given the
19  Court's inability to communicate with Plaintiff.
20      Accordingly, pursuant to Local Rule 183(b), **IT IS HEREBY ORDERED** that:
21      1. The action is **DISMISSED** without prejudice; and
22      2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **September 4, 2012**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE