IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN ALISON, et al,<br><br>Defendants. | Case No. 1:11-cv-01041 JLT (PC)<br><br>**ORDER WITHDRAWING AUTHORIZATION TO PROCEED IN FORMA PAUPERIS** |

**I.  Background**

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983.

On April 3, 2012, the Court dismissed Plaintiff's complaint with 21 days leave to amend. (Doc. 18)  Rather than filing the amended complaint, on April 24, 2012, Plaintiff filed a "response" to the order in which he complained about a range of issues he faced in prison but failed to explain why he had not filed the amended complaint. (Doc. 19)  In response, on April 26, 2012, the Court issued an order to him to show cause why the matter should not be dismissed due to his failure to prosecute the action and comply with the Court's order to file the amended complaint. (Doc. 20)  The Court granted him 14 days either to show cause or to file the amended complaint.  Id. at 2.

When the Court failed to receive the amended complaint, on May 16, 2012, the Court

issued an order dismissing the action. (Doc. 21) Nevertheless, on May 18, 2012, the Court received Plaintiff's motion for appointment of counsel. (Doc. 22) Interestingly, the proof of service indicates that it was served on May 1, 2012 though the motion itself is dated May 4, 2012. Id. at 2, 5.

On May 21, 2012, the Court received Plaintiff's First Amended Complaint and an explanation for his failure to file it timely. (Doc. 26) In this document, Plaintiff claims that he mailed the first amended complaint on April 17, 2012 (Id. at 1)—nine days *before* he filed the "response" to the order dismissing the complaint (Doc. 19)—but the proof of service he attached to the first amended complaint indicated that it was mailed on April 18, 2012. Id. at 40.

In his response, Plaintiff offered no explanation for his failure to respond to the Court's order to show cause issued on April 26, 2012. Id. at 1. Despite these disparities, on June 5, 2012, the Court vacated its order dismissing the complaint and ordered the matter reopened. (Doc. 31)

On May 31, 2012, Plaintiff filed a motion to reconsider the order dismissing the complaint. (Doc. 25) In it, Plaintiff explained,

> Plaintiff *first* sent a letter to this Court saying politely he would do this, but this Court took the letter in the wrong context and assumed incorrectly that this was all Plaintiff *would send* on the matter and further named it "motion to respond" or a "response."
> The court then sent Plaintiff a new deadline of 14 days to file a "order to show cause why the action should not be dismissed for failure to prosecute this action and for failure to obey the court's order." "Doc # 20).
> First of all Plaintiff did follow the Court's orders to file the 2nd Amended Complaint, but the U.S. Postal System couldn't deliver it to the court for some error on there [sic] part, not on Plaintiff's.[1] Plaintiff did mail it in the 21 day time period and it's not my fault you didn't get it as Plaintiff thought you had.

(Doc. 25 at 1-2, emphasis added.) This document, which indicated that the amended complaint had been served *after* Plaintiff filed his "response," contradicted the explanation provided with Plaintiff's First Amended Complaint, in which he claimed that he had served the amended complaint either on April 17 or 18, 2012, nine days *before* he filed the "response." (Doc. 26 at 1)

---

[1] Notably, the envelope provided by Plaintiff which, purportedly, he used to mail the amended complaint, has the street number and street name obliterated—without explanation. Due to the short length of the obliteration and the fact that the first obliterated digit appears to be a "1," it appears that the envelope was not properly addressed to "2500 Tulare." (Doc. 26 at 43) Instead, it appears that it may have been addressed to the Court's former address—"1130 O"—though the Court moved from that location in 2006.

2

However, because the Court ordered the case to be reopened, it denied the motion to reconsider as moot. (Doc. 27)

In the meanwhile, on June 1, 2012, Plaintiff filed a notice of appeal (which was not docketed until June 14, 2012) challenging the Court's order dismissing the matter. (Doc. 28) However, because the Court had already reopened the matter, the Court of Appeals dismissed the appeal for lack of jurisdiction. (Doc. 32) Notably, every document served on Plaintiff beginning on June 19, 2012 was returned as "undeliverable." When Plaintiff failed to notify the Court of his change of address by September 5, 2012, once again, the Court issued an order dismissing the matter without prejudice based upon Plaintiff's failure to keep the Court apprised of his current address. (Doc. 34 at 3)

On September 26, 2012, Plaintiff filed a letter in which he claimed that he notified the Court of his new address in June 2012. (Doc. 36) He reported that his new mailing address was "M.A.D.F. 2777 Ventura Ave Santa Rosa CA 95403." Id. at 2. He complained that he didn't know why the clerk failed to "update my new mailing address until 9/14/12." Id. Nevertheless, the Court had not received a change of address form and has no entry on the docket between the September 5, 2012 order (Doc. 35) dismissing the case and accompanying proof of service and Plaintiff's September 26, 2012 letter. (Doc. 36) Indeed, Plaintiff failed to explain this September 14, 2012 date or why he believed a change of address was noted on that date.

The only document Plaintiff filed in June, namely his notice of appeal, listed the same address at Vacaville State Prison that he had been using throughout the litigation. (Doc. 28) On September 28, 2012, Plaintiff filed a request for a list of every case that he had ever filed in the Court along with copies of every document he ever filed in those cases. (Doc. 37) In this letter, Plaintiff asked the Court to stop mailing documents to "1716 Peggy Court, Petaluma CA 94554." Id. at 1. The Court had never been apprised of this Petaluma address and never served anything on this docket to that address.

Finally, on October 22, 2012, Plaintiff filed a notice of change of address listing his former address as "M.A.D.F. 2777 Ventura Ave., S.R. CA 95403-2226" and his new address as "6800 Commerce Blvd. Apt. #3, R.P.Cal. 94928." (Doc. 40)   On this same date, Plaintiff filed

his notice of appeal. (Doc. 41)

Currently, the Court of Appeals has required this Court to determine whether Plaintiff's in forma pauperis status should continue on appeal. (Doc. 44) For the reasons set forth below, the Court concludes that it should not.

**II.   Discussion and Analysis**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated by when an individual "seeks appellate review of any issue not frivolous." See Coppedge v. United States, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

Here, Plaintiff failed keep the Court apprised of his current mailing address.[2] When more than 60 days passed from the time mail was returned as "undeliverable" and Plaintiff did not file a change of address form, the Court dismissed the action without prejudice. (Doc. 34 at 3) The Court of Appeals has determined that dismissing without prejudice under these circumstances is not error. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). In Carey, the Court noted,

> Carey appeals the district court's dismissal without prejudice of his action brought pursuant to 42 U.S.C. § 1983 for failure to prosecute. He contends that the district court abused its discretion by dismissing his complaint sixty days after mail, addressed to him from the district court, was returned by the post office as undeliverable. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order dismissing an action for failure to prosecute for an abuse of discretion. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Ash v. Cvetkov,* 739 F.2d 493, 495 (9th Cir.1984), *cert. denied,* 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985). We affirm.

In so holding, the Court noted that the trial court's local rule permitted dismissal without

---

[2] Moreover, the Court finds that Plaintiff has not been honest in his reports to the Court. Notably, his documents contradict each other (Docs. 25, 26) and, on at least twice, his proof of service contradicts his claim made in the body of his document as to when a document was served. (Docs. 21, 26) Moreover, though he blames the US Postal Service for a failure of delivery, the envelope provided seems to indicate that he incorrectly addressed it.

1 prejudice if the inmate failed to notify the Court of the change of address within 60 days of the
2 returned mail.  Id. at 140-1441.  Here, the Court relied upon it's own Local Rule 183(b) which
3 provided similarly to that in Carey.  (Doc. 34 at 3).  In addition, it considered the factors set forth
4 in Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) when it determined the matter
5 should be dismissed without prejudice.  Id. at 2.

Because the order dismissing the action without prejudice was fully compliant with the Court's determination in Carey, the Court finds that Plaintiff's appeal is plainly without merit and lacks any arguable basis in law or fact.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is **REVOKED**;
2. The Clerk of Court is DIRECTED to notify the Ninth Circuit Court of Appeals that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that Plaintiff's appeal is frivolous and not taken in good faith.

IT IS SO ORDERED.

Dated:   **November 15, 2012**          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE